UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LOUIS RINALDI                    :
                                 :
VS.                              :      NO. 3:02CV2524(WWE)
                                 :
SCOTT MARTIN and                 :
FRED OLDENBURG                   :      JULY 5, 2004

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

This is an action by a now-retired civilian employee of the Connecticut State

Police against two of his supervisors whom the plaintiff contends subjected him to a

pattern of cruel and degrading behavior in retaliation for his successful implementation

of the union grievance procedure to obtain relief from a grossly disparate discipline

imposed upon him for signing off on the inaccurate timesheets of a subordinate.  The

plaintiff's evidence, if credited by a jury, would show that the plaintiff and another

employee were accused of similar conduct, that both were found to have done it, but

that the other employee received only a written reprimand from his supervisors while

the plaintiff was given a long suspension and a demotion in which defendant

Oldenburg, who was one of the plaintiff's supervisors, participated.  The plaintiff

successfully pursued his union remedies, with the assistance of the union, and got a

dramatic reduction in his punishment.  Thereafter, the defendants acted jointly to further

punish the plaintiff and to retaliate against him for exercising his union rights.  In doing

1

so, they in fact caused injuries to the plaintiff not experienced by the other employee found to have engaged in similar wrongdoing.

The plaintiff claims that these actions violated his Fourteenth Amendment right to equal protection and his First Amendment right to be free from retaliation caused by his association in a union.  The defendants assert that they did not supervise the other employee and that they are big union supporters and on those flimsy grounds seek summary judgment.

"The standards governing summary judgment are well-settled.  Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'  Fed. R. Civ. P. 56(c); *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment

must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary judgment is sought,

there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is

improper.'" <u>Lazard Freres & Co. v. Protective Life Ins. Co.</u>, 108 F.3d 1531, 1535 (2d Cir. 1997).  Citing <u>Gummo v. Village of Depew</u>, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." <u>Ruscoe v. Housing Authority of City of New Britain</u>, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), *citing* <u>Dister v. Continental Group, Inc.</u>, 859 F.2 1108, 1114 (2nd Cir. 1988).

The defendants have advanced only two grounds for their motion.

As to the plaintiff's equal protection claim, the defendants argue only that the other employee was not "similarly situated" to the plaintiff because the defendants did not supervise him.  That fact, however, is irrelevant to the plaintiff's claim.  The plaintiff argues that the defendants were the ones who punished him, particularly in the period after he had successfully obtained a major reduction of his official punishment through the collective bargaining process.  The plaintiff contends that the defendants imposed "off the books" punishment upon him knowing that the other employee, found to have engaged in the same behavior, was not so punished.  Thus, the defendants knowingly caused the plaintiff to be disciplined in a way they knew the other comparable person was not.

"[W]here a plaintiff seeks to make out her prima facie case by pointing to the disparate treatment of a purportedly similarly situated employee, the plaintiff must show that she shared sufficient employment characteristics with that comparator so that they could be considered similarly situated....In <u>Shumway [v. United Parcel Service, Inc.</u>, 118

F.3d 60 (2d Cir. 1997)], we explained that such an employee 'must be similarly situated in all *material* respects' – not in *all* respects.  118 F.3d at 64 (emphasis added).  A plaintiff is not obligated to show disparate treatment of an *identically* situated employee. To the contrary, <u>Shumway</u> holds that in those cases in which a plaintiff seeks to establish her minimal prima facie case by pointing to disparate treatment of a similarly situated employee, it is sufficient that the employee to whom the plaintiff points be similarly situated in all material respects....In other words, where a plaintiff seeks to establish the minimal prima facie case by making reference to the disparate treatment of other employees, those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." <u>McGuinness v. Lincoln Hall</u>, 263 F.3d 49, 53-54 (2d Cir. 2001).  The supposedly fatal distinction between the plaintiff and the other employee, asserted by the defense in this case, is an irrelevant distinction and does not prevent them from being considered similarly situated for equal protection purposes.

As to the plaintiff's First Amendment freedom of association claim, the defendants admit that the plaintiff has stated a legitimate First Amendment right and that there is legal support for his contentions.  They defend, however, and seek summary judgment, on the ground that there is no evidence that their actions against the plaintiff were motivated by his exercise of his First Amendment right to associate with his union.  They base their argument primarily upon the fact that years passed between the time the plaintiff became a union steward and the time the defendants

engaged in the allegedly retaliatory activity.  This argument, however, misses the point.  It was the successful prosecution of a grievance under the collective bargaining agreement which produced the retaliation – not accepting the position of union steward.  The plaintiff contends that these retaliatory actions commenced *immediately* after he obtained a reduction of his punishment through the exercise of his collective bargaining rights.

"The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action."  Cifra v. General Electric Co., 252 F.3d 205, 216 (2d Cir. 2001).  See Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) (discharge less than two months after plaintiff complained to management and ten days after she filed complaint with state human rights office established *prima facie* case of causal relationship); Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001) (discharge less than three months after complaint filed and less than one month after service upon employer established *prima facie* case).  Under the authority of these Second Circuit cases, the plaintiff must survive summary judgment on his retaliation claim.

Moreover, in Sitar v. Indiana Dept. Of Transportation, 344 F.3d 720, 729 (7th Cir. 2003), the court held that "lack of causation [cannot be] the district court's sole basis for granting summary judgment....[F]or a plaintiff proceeding under the indirect method, causation [is] no longer...a part of her prima facie burden."  Yet lack of causation is the

only ground asserted by the defendants in their summary judgment motion as to the plaintiff's First Amendment claim.

For these reasons, the defendants' motion for summary judgment must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX:  203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Mark P. Kindall, Assistant Attorney General, P. O. Box 120, Hartford, CT 06141-0120.

_____
JOHN R. WILLIAMS