UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS RINALDI | : | |
| | : | |
| VS. | : | NO. 3:02CV2524(WWE) |
| | : | |
| SCOTT MARTIN and | : | |
| FRED OLDENBURG | : | JULY 5, 2004 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

*I   PLAINTIFF'S RESPONSE TO DEFENDANTS' CLAIMS OF FACT*

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree.

7. Agree.

8. Agree.

9. Disagree. (Plaintiff's Interrogatory Answers ¶ 3)

10. Agree.

11. Disagree. (Plaintiff's Interrogatory Answers ¶ 3)

12. Agree.

13. Disagree. (Plaintiff's Interrogatory Answers ¶ 3)

14. Agree.

15. Agree.

16. Agree.

17. Agree.

18. Agree.

19. Agree.

20. Agree.

21. Agree.

22. Agree.

23. Agree.

24. Agree.

25. Disagree.  (Plaintiff's Interrogatory Answers, ¶¶ 6, 15)

26. Disagree.  (Ibid.)

27. Disagree.  (Ibid.)

28. Disagree.  (Ibid.)


II    **PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1.  The defendants avoided their responsibility to assign training and oversee the plaintiff's transition when he was moved from Operations to Technical Support following the arbitrated resolution of his grievance.  (Plaintiff's Interrogatory Answers ¶ 2(a))

2. The defendants refused to counsel the plaintiff or in any way to meet their obligation to assist him in providing him required training in his new position following the arbitrated resolution of his grievance. (Id. ¶ 2(b))

3. Defendant Oldenberg had participated in the attempt to subject the plaintiff to severe disciplinary action on December 8, 1997. (Id. ¶ 3)

4. The discipline which defendant Oldenberg participated in attempting to impose upon the plaintiff in December of 1997 was far more severe than that administered by other supervisors to a similarly situated state police employee named George Davis. (Id. ¶ 4)

5. The harsh discipline which defendant Oldenberg and others had attempted to impose upon the plaintiff in December of 1997 was, through arbitration, significantly reduced. Defendant Oldenberg was aware of that reduction. (Id. ¶ 5)

6. Following the plaintiff's successful invocation of his rights as a union member, to obtain a significant reduction of the punishment defendant Oldenberg and others had attempted to impose upon him, both defendants began punishing and retaliating against the plaintiff by engaging in rude and unprofessional behavior toward the plaintiff, giving him less than good performance ratings, ignoring the plaintiff's accomplishments, and treating him differently from other employees. (Id. ¶ 6)

7. For example, in 2001, the defendants assigned another employee to share the plaintiff's cubicle, removed the plaintiff from his cubicle and forced him to work at a table outside the cubicle, and refused to provide him with a gel pad for his bruised hand

while another employee was given several pieces of ergonomic equipment without even a doctor's note.  (Id. ¶ 7)

8.  This type of rude, harsh, demeaning and humiliating treatment was never imposed by any supervisor upon George Davis.  (Id. ¶ 8)

9.  The defendants, in the same time period, subjected the plaintiff to performance evaluations which did not accurately reflect his true performance and created the false impression that he was performing his duties less well than he actually was performing them.  (Id. ¶¶ 9, 10)

10.  In subjecting the plaintiff to the inaccurate and demeaning evaluations described above, the defendants acted with actual knowledge that their ratings of the plaintiff were inaccurate.  (Id. ¶ 11)

11.  The actions of the defendants described above were carried out for the purpose of subjecting the plaintiff to a punishment greater than that imposed as a result of the plaintiff's successful pursuit of his union grievance described above.  (Id. ¶ 12)

12.  Both defendants engaged in a pattern of abusive and demeaning treatment of the plaintiff, in response to his successful pursuit of his union grievance, which they knew caused him to suffer treatment more harsh than that imposed upon the other similarly-situated state police employee.  (Id. ¶ 13)

13.  The defendants also participated in the ostracization of the plaintiff after his successful invocation of his union grievance remedies.  This included demeaning and unprofessional treatment of the plaintiff, and exclusion of the plaintiff from office functions.  (Id. ¶ 15)

14. Another instance of disparate treatment and punishment of the plaintiff is the fact that, of all the employees in the technical areas at the Connecticut Department of Public Safety, he was the only employee not asked to return after retirement to work part-time. (Id. ¶ 21)

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Mark P. Kindall, Assistant Attorney General, P. O. Box 120, Hartford, CT 06141-0120.

_____
JOHN R. WILLIAMS