UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS RINALDI, | : | CIVIL ACTION NUMBER |
|     Plaintiff | : | |
| | : | |
| v. | : | 3:02CV1524 (GLG) |
| | : | |
| SCOTT MARTIN and | : | |
| FRED OLDENBURG, | : | |
|     Defendants | : | MARCH 3, 2004 |

## PLAINTIFF'S RESPONSES TO
## DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION

    Pursuant to the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, the defendants, **Scott Martin and Fred Oldenburg**, hereby request the plaintiff, **Louis Rinaldi**, respond to the following interrogatories within thirty (30) days of the certification of the mailing hereof, and to produce for inspection and/or copying such documents as may be hereinafter requested.

### INTERROGATORIES:

    1.    Identify the person(s) answering these interrogatories. Include, full name, home address, work address, date of birth and social security number. See instructions and Definitions, paragraph #7.

### ANSWER:

**Louis John Rinaldi, 43 Elliot Street, Meriden, CT 06451, DOB:** ▮▮▮▮▮▮ **, SSN:** ▮▮▮▮▮▮▮ **.**

    2.    Paragraph 6 of the Amended Complaint states that "the defendants acted jointly and in concert with each other."

    (a)    Please specifically identify the actions that you claim the defendants took "jointly and in concert with each other ."

    (b)    Please state the factual basis for your claim that these actions were taken "jointly and in concert with each other."

**ANSWER:**

**(a)   Both managers avoided their responsibility to assign training and oversee my transition from operations to Tech Support;**

**(b)   Both supervisors stated that they have plenty of documentation on the problems with my work. Neither manager took the time to counsel me regarding the alleged problems with my work. Both supervisors were remiss in their duties to assign on-the-job-training with more experienced co-workers. Please see attached copies of Sign Out Sheets.**

   3.   Paragraph 7 of the Amended Complaint states, "On December 8, 1997, the plaintiff was demoted and suspended for sixty days without pay for having overlooked certain instances of tardiness on the part of one of his subordinates during the years 1995-96. The defendant Oldenburg participated in the imposition of this punishment upon the plaintiff." Please state specifically the manner in which you allege that defendant Oldenburg "participated" in the imposition of punishment on the plaintiff.

**ANSWER:**

**Mr. Oldenburg's responsibility as my immediate supervisor.**

   4.   Paragraph 8 of the Amended Complaint state that "George Davis, a similarly situated civilian employee of the Department of Public Safety, found to have committed identical wrongs in the same time period, was given no discipline whatsoever for his conduct."

      (a)   Please state with specificity all facts that support your claim that George Davis was "similarly situated" to the plaintiff.

      (b)   Please identify all persons who supervised George Davis during the time period identified in the complaint.

      (c)   Please specify what role, if any, either defendant in this action had in supervising George Davis.

      (d)   Please specify the basis for your statement that George Davis received no discipline whatsoever for his conduct.

**ANSWER:**

**(a)**     The charges brought against him were similar;

**(b )**     To my knowledge, then Col. John Bardelli;

**(c)**     None;

**(d)**     George Davis, to the best of my knowledge and belief, had a letter placed in his file.

5. Paragraph 9 of the Amended Complaint states, "In January of 1999, the plaintiff was constrained to accept a punishment consisting of denial of certain pay and benefits for the period 1997 -99 in lieu of the harsher punishment which had been imposed upon him on December 8, 1997."

(a) Please state upon what facts you base your allegation that plaintiff was "constrained" to accept punishment.

(b) Please state whether you claim that either of the defendants were responsible for "constraining" the plaintiff to accept punishment and, if so, provide the basis for such a claim.

**ANSWER:**

**(a)**     The decision was made by management to remove my duties as Supervisor of Computer Operations;

**(b )**     My immediate supervisor, Fred Oldenburg informed me of that decision.

6. Paragraph 10 of the Amended Complaint states that the plaintiff was punished as a result of his association with the union representing persons of his classification and category in the Department of Public Safety. Please state upon what facts you base your allegation that plaintiff received discipline based on his union activity. Be specific with your response as to defendant Martin and to defendant Oldenburg.

**ANSWER:**

**Rude, unprofessional behavior toward me by Captain Martin, less than good performance ratings, ignored accomplishments that were not noted in my performance review by both Captain Martin and Fred Oldenburg. Treated differently than other employees.**

      7.    Paragraph 11 of the Amended Complaint states that "defendants have attempted to penalize the plaintiff for the very same conduct for which the aforesaid reduced punishment had been imposed in 1999."

      (a)    Please identify, with specificity, every action that you allege was taken by the defendants to penalize the plaintiff for the conduct for which he received reduced punishment in 1999. Be specific as to each of the two defendants, and provide times and dates of each alleged incident.

      (b)    Please provide all facts that support your claim that the defendants sought to penalize the plaintiff after January of 1999.

**ANSWER:**

**(a)    04-04-01: Workplace -assigning another employee, Craig Smith to share my cubicle;**
**04-23-01: I was removed from my cubicle to a table outside my cubicle;**
**05-21-01: Not able to obtain a gel pad for my bruised hand while another employee obtained several pieces of ergonomic equipment without a doctor's note;**

**(b)    See notes.**

      8.    Paragraph 11 of the Amended Complaint states that the defendants penalized the plaintiff "for the purpose of treating the plaintiff differently, and more harshly, than George Davis. Please specify the factual basis for your claim regarding the defendants' purposes.

**ANSWER:**

**George Davis was not subjected to humiliating, harsh behavior by management in the presence of co-workers and other employees.**

      9.    Paragraph 12 of the Amended Complaint states that the defendants placed a malicious and false written performance appraisal in the plaintiff's personnel records in which they gave him inaccurate low ratings in every category of his employment.

      (a)    Please state on what facts you base your allegation that the performance appraisal was "malicious."

   (b) Please state on what facts you base your allegation that the ratings given the plaintiff were "inaccurate."

   (c) Please identify the individual or individuals who gave the plaintiff a service rating on or about May 17, 2001.

**ANSWER**:

(a) **It did not reflect my true performance. During the rating period I was not counseled or made aware of problems with my performance;**

(b) **Please see Technical Service Survey, Issue Tickets, and the Rebuttal Letter dated 06/11/01. The three categories labeled in the "less than good" column are in conflict with the positive results and feedback from the clients I served and the support I gave in keeping the agency Overtime Reporting System up and running. {See Rebuttal Letter dated 06/11/01;**

(c) **Fred Oldenburg on 06/07/01.**

  10. Paragraph 12 of the Amended Complaint states that the plaintiff "had received almost uniform praise from all of those within the Department of Public Safety who worked with him during the time period covered by the Appraisal."

   (a) Please identify each employee of the Department of Public Safety whom you claim praised your work during the time period covered by the appraisal.

   (b) Please identify the manner in which these individuals allegedly praised your work: whether the praise was oral or written, to whom the praise was communicated, and how.

   (c) Please identify when these individuals allegedly praised your work.

**ANSWER**:

(a) **Master Sergeant John McMan**

   **Carol A. Lemieux**

   **Sandra A. Hubner**

   **Ramona Saturo**

**Sgt. W. #273**

**Beatrice M. Trotta**

**Jean Ouelette**

**Annette (last name unknown)**

**Carol Anelli**

**Valerie A. Dudley**

**MSgt. (Troop F)**

**MSgt. N. W. (Troop D)**

**Mary Margaret (BCI)**

**Troop L**

**Capt. Vincent McSweeney**

**MSgt. John Kolosky**

**Carole (last name unknown) (Troop K)**

**Joanne Pitt**

**Frank Giordano**

**Statewide Firearms**

**Troop W**

**Det. Testoni #1016**

**MSgt. Madden**

**Eleanor Hampton**

       **Ed Perznowski**

       **Research & Planning - Elise**

       **Tpr. Tina Perrone**

       **Capt. Paul Krisavage # 0018**

       **Joann Noonan**

       **Mary Ann McDonald**

**(b)**     **Both oral and written. Please see copies of Technical Service Survey and Issue Ticket forms.**

**(c)**     **Usually upon completion of the work.**

      11.     Paragraph 12 of the Amended Complaint indicates that the defendants knew that the plaintiff "had received almost uniform praise from all of those within the Department of Public Safety who worked with him during the time period covered by the Appraisal." Please provide all facts on which you rely to support your claim that the defendants were aware of "almost uniform praise" of the plaintiff's work.

**ANSWER:**

**The customary procedure in our office, that I was aware of, is to inform Fred Oldenburg, or, in his absence, his secretary, Sandra D' Atillio the status of the service, the results of the work done, and any feedback from the client(s).**

      12.     Paragraph 13 of the Amended Complaint states that the defendants gave the plaintiff a low service rating "for the purpose of subjecting the plaintiff to a punishment greater than that imposed upon him in January of 1999." Please identify all facts that support your claim regarding the defendants' purpose in giving the plaintiff a low service rating.

**ANSWER:**

**Lack of support during transition from my previous job, not assigning on-the-job training with more experienced personnel, ignoring my accomplishments in the field including the department overtime reporting system, servicing users PC equipment, and working with the agency's Office of Education on a bidding**

**process for equipment needed by the employees of the Fire and Building Division of Public Safety .**

13.     Paragraph 15 of the Amended Complaint states that the "defendants intentionally and irrationally subjected the plaintiff to a denial of his Fourteenth Amendment right to equal protection..."

(a)     Please identify with specificity any and all actions of defendant Martin that you claim intentionally and irrationally deprived you of equal protection.

(b)     Please identify with specificity any and all actions of defendant Oldenburg that you claim intentionally and irrationally deprived you of equal protection.

(c)     Please state upon what facts you base your allegation that plaintiff was denied equal protection rights. Be specific with your response.

**ANSWER:**

- **a)     Rude, unprofessional and demeaning behavior toward me in the presence of co-workers.  Inaccurate, progressively lower service ratings.**

- **b)     As a party to management (see a)  above), not providing counseling regarding my alleged poor performance, not assigning training in the field with co-workers.**

- **c)     Severe discipline without a hearing.  More severe discipline than other employees in the agency.  Rude and unprofessional treatment by Martin.  Other employees in Public Safety committed serious offenses and received much less discipline.**

14.     Please identify the union to which the plaintiff was affiliated while employed as a civilian by the Department of Public Safety during the period relevant to this action. Please identify the union affiliation of the individual named George Davis identified in paragraph 8 of the Amended Complaint during the time period covered by the complaint.

**ANSWER:**

**Connecticut State Employees Association (CSEA).**

15. Paragraph 1 of Count Two of the Amended Complaint states that "the defendants subjected the plaintiff to adverse employment action to punish him for his exercise of his First Amendment right to freedom of association."

   (a) Please be specific to what associations the plaintiff was restricted.

   (b) Please identify with specificity the date(s), time(s) and nature of the event(s) wherein the plaintiff was prevented from associating with another individual and please be specific to which defendant, Martin or Oldenburg, who restricted plaintiff's movements.

**ANSWER:**

**(a) See letter dated 10-26-99 from Capt. Martin, <u>Working on Agency Computers</u>. Treatment by Capt. Martin in a demeaning and unprofessional manner in the presence of co-workers. Allowing co-workers to hold a retirement party to which I was not invited although I was retiring as well, on State time.**

**(b) Both Martin and Oldenburg allowed the action by coworkers to post announcements around the building that clearly showed the attempt to alienate me by not including my name with the other future retirees in our unit. They allowed the party to take place on May 21, 2003 during working hours without my presence. Both Martin and Oldenburg supported the continued alienation from my co-workers when assignments were issued by ignoring my requests for hands-on training. (See Sign Out Sheets.)**

16. Please identify any evidence that you claim supports the factual allegations in the Second Count that differs from the evidence that you claim supports the factual allegations in the First Count, and, if so, specify the allegation and identify the separate factual or evidentiary basis for it.

**ANSWER:**

**I don't understand this question. I believe it calls for a legal explanation which I am unable to answer.**

17. State whether you or any individual named in response to any of these Interrogatories to your knowledge, or to the knowledge of your attorney, has given any statement regarding the subject matter of this case or concerning the actions of any party or witness thereto (except privileged statements made by a party in confidence to

his or her attorney) and identify each person having custody or a copy or copies of such statements. Instructions and Definitions, paragraph #10.

**ANSWER:**

**None I am aware of.**

     18.   State whether you, your attorney, or any other representative have any photographs, reports, drawings, charts, diagrams, maps, models or other tangible evidence prepared by parties, witnesses or experts expected to testify in this case concerning any of the events alleged in your Amended Complaint. If so, identify any person(s) who have custody or control of any of the materials referred to above, specifically describing which of the materials each such person possesses.

**ANSWER:**

**Plaintiff and plaintiff's attorney have photographs, taken by plaintiff. Photos of work area, photos of retirement party announcement, copies fo retirement party announcement.**

     19.   If you have received medical (including psychiatric) treatment (physical, mental or otherwise) for the injuries alleged in your Complaint from any hospital, clinic, physician, psychologist, nurse, social worker or other health care provider, please identify each such hospital, clinic, physician, psychologist, nurse, social worker or other medical practitioner from whom you received such examination or treatment, and state the date(s) upon which such medical treatment(s) was received and state whether the physician and/or health care provider rendered an opinion respecting the nature and extent of the injuries, conditions and/or disabilities claimed by you. ~ Instructions and Definitions, paragraph #15.

**ANSWER:**

**I have been under doctors' care with a condition called Chronic Lymphatic Leukemia diagnosed in July, 1998. My Oncologist is Samuel N. Bobrow, M.D., 1450 Chapel Street, George Street- Unit A, New Haven CT 06511, Tel. {203) 867-5420.**

**My primary physician who is overseeing my condition is also treating me for hypertension. His name is Leonard Fasano, M.D. of 980 Whalley Avenue, New Haven, CT 06515, Tel. (203) 387-2569.**

**I have been seeing Ruth Harris, CCDC, CEAP for hypnosis and and stress management as a result of anxiety, anxiety attacks, and stress related symptoms. Her address is 44 Fair Street, Wallingford,CT 06492, Tel. {203) 265-1327.**

**Ms. Harris has recommended that I see Arlene Lewis L.M.T. NCTMB for relaxing massage therapy. Ms. Lewis is located at 44 Fair Street, Wallingford, CT 06492, Tel. (203)284-9573.**

**On September 14,2003, I had a series of three panic attacks causing loss of memory and was taken to MidState Medical Center Emergency Room at 435 Lewis Avenue, Meriden, CT 06451, Tel. (203) 694-8040. Diagnosis was TGA (Global Transient Amnesia), triggered by the anxiety attacks.**

**I have been a patient of Steven Kahn, M. D. for anxiety treatment since 09/30/03. Dr. Kahn is located at 391 Broad Street, Meriden, CT 06450, Tel. (203) 237-0002.**

  20. At any time between 1995 and the present date, did plaintiff tape record or record by any electronic means, any conversation with any person employed by the Connecticut Department of Public Safety and/or the Connecticut Department of Information Technology the contents of which might pertain in any way to the allegations contained in this amended complaint?

**<u>ANSWER</u>:**

**No.**

  21. State whether you are claiming as an item of damage in this lawsuit loss of future earning capacity. If so, describe in what manner your future earning capacity has been adversely affected by the incident(s) which are the subject of your Amended Complaint.

**<u>ANSWER</u>:**

**I was the only retired Tech who was not asked to return to work part-time after retirement. My future earning capacity has been hindered by the lack of training by the Agency and the negative and stressful environment I suffered under the leadership of Martin and Oldenburg.**

  22. With respect to each and every one of the allegations in the amended complaint, state with specificity all "damages" and/or losses that you claim to have suffered. Please itemize with particularity any and all monetary damages, whether

potential or actual, which you claim to have incurred as a result of any of the allegations in your complaint asserted against defendants, and set forth in complete detail the dollar value of each element of claimed damages. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

**ANSWER:**

**My monetary damages include my 60 day suspension and demotion from 1998, 1999. I do not have exact figures involved in the losses during that suspension. I would expect the Court to decide what damages I should receive in exchange for the humiliation, stress and anxiety I experienced when I just want to be "part of the team" and treated professionally and with dignity.**

23. State whether you have ever filed a lawsuit, complaint, or grievance of any kind other than the instant lawsuit. If your answer is affirmative, identify the agency with which you filed the lawsuit, grievance or complaint, the date upon which such lawsuit, grievance or complaint was filed, the identity of the person(s) complained of, and the disposition of the matter.

**ANSWER:**

**Lawsuits: None.  Union Grievances: Yes. I do not have that information available.**

24. Please describe in detail the emotional distress you have suffered as a result of the defendants' actions as alleged in your amended complaint including but not limited to all bases for your contention that defendants inflicted emotional distress upon you. Please be specific to the actions of defendant Martin that caused plaintiff emotional distress. Please be specific to the actions of defendant Oldenburg that caused plaintiff emotional distress. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

**ANSWER:**

**Under Capt. Martin, anxiety, loss of sleep, irritability, loss of confidence, rejection, concerned about my reputation and good standing in the agency, feared for my job, rejection by co-workers.**

**Under Mr. Oldenburg, frustration, for lack of follow-up with hands-on training, insult, not allowing me to work up to my full potential.**

**REQUESTS FOR PRODUCTION:**

The defendant(s) requests the plaintiff to produce, or make available for inspection and copying, the following:

1. Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the amended complaint, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to any of these interrogatories.

**RESPONSE:**

**Attached.**

2. A copy of each non-privileged statement identified in response to Interrogatory No.17 above.

**RESPONSE:**

**Not applicable.**

3. A copy of each tape or electronic recording identified in Interrogatory No.20 above.

**RESPONSE:**

**Not applicable.**

4. If lost wages or loss of future earning capacity are claimed as items of damages in this lawsuit, provide copies of the plaintiffs federal and state income tax returns, including all forms and schedules, for the two (2) tax years immediately preceding the tax year in which the alleged injuries were incurred, the tax year in which the alleged injuries were incurred, and the next two tax years following that in which the alleged injuries were incurred.

**RESPONSE:**

     5.    Copies of any and all photographs, reports, papers, books, documents, maps, drawings, diagrams, models, electronic recordings or other tangible evidence expected to be used at trial and which were identified in the plaintiffs answer to Interrogatory No.18 above.

**RESPONSE:**

**Attached.**

     6.    All documents that relate to any treatment, examination or consultation that you received in the past two (2) years for any psychiatric or psychological illness, disorder or condition.

**RESPONSE:**

**Requested from treater, will provide when received.**

     7.    All documents that relate to any alleged loss, damage, suffering, injury, distress or harm you sustained relating to or resulting from any of the events or circumstances alleged in your complaint.

**RESPONSE:**

**Attached.**

     8.    Please supply all documentation that relate to allegations made in paragraph 8 of the amended complaint.

**RESPONSE:**

**Attached.**

     9.    Produce all documentation that relate to plaintiff's allegation in paragraph 12 of the amended complaint that he received "almost uniform praise from all those within the Department of Public Safety who worked with him." Provide any documents which could be said to either praise or fault his work from any employee of the Department of Public Safety during the time period covered by the evaluation referenced in Paragraph 12 of the Amended Complaint.

**RESPONSE:**

**Attached.**

      10.    All documents, including e-mails, notes, diaries, letters, or other writings kept by plaintiff, that relate or refer to allegations in the amended complaint.

**RESPONSE:**

**Attached.**

      11.    All documents identified in answering or used or relied upon by the plaintiff in preparing answers to any of the defendants' interrogatories.

**RESPONSE:**

**Attached.**

      12.    Please provide fully executed medical authorization form (attached) for each treating health care provider identified in your response to Interrogatory No.19.

**RESPONSE:**

**I have requested all medicals from treaters. Most attached, others expected and will be produced when available.**

THE PLAINTIFF, LOUIS RINALDI


BY_____
JOHN R. WILLIAMS
Federal Bar No. ct00215
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931
jrw@johnrwilliams.com
His Attorney

## CERTIFICATION

    This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, this 3rd day of March, 2004, to the following parties and counsel of record:

Mark P. Kindall, Esq.
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120


_____
JOHN R. WILLIAMS