## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS RINALDI, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV1524 (WWE) |
| | : | |
| v. | : | |
| | : | |
| SCOTT MARTIN AND FRED | : | |
| OLDENBURG, | : | JULY 19, 2004 |
| *Defendants.* | | |

### REPLY BRIEF SUPPORTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to the defendants' motion for summary judgment ("Plaintiff's Brief") fails to provide either factual or legal support for denying judgment as a matter of law on both counts of the complaint. Accordingly, the defendants respectfully request that the Court grant the instant motion.

### I.     PLAINTIFF HAS NOT DEMONSTRATED THAT HE IS "SIMILARLY SITUATED IN ALL MATERIAL RESPECTS" TO GEORGE DAVIS

To support his Equal Protection claim, Plaintiff argues that he is "similarly situated" to George Davis because they "were accused of similar conduct, that both were found to have done it, but that the other employee received" substantially lesser punishment.[1] Further, the plaintiff argues that the defendants "imposed 'off-the-books' punishment upon him knowing that the other employee, found to have engaged in the same behavior, was not so punished." Plaintiff's Brief, at 5. Plaintiff argues that the fact that he did not have the same supervisor as George

---

[1] Plaintiff's Brief, at 1. Plaintiff fails to address the fact that this "punishment" was finalized well before the three-year statute of limitations, nor does he address the undisputed fact that the plaintiff "waived any future claims in any forum" concerning the discipline that he received for this transgression. *See* Defendants' Principal Brief, at 8, and at 10, n.1. As noted in the Defendants' Principal Brief, the 1998/99 disciplinary action is accordingly not part of the case.

Davis is irrelevant, citing as authority *McGuinness* v. *Lincoln Hall*, 263 F.3d 49, 53-54 (2d Cir. 2001). These arguments are not supported by either the record before the Court, or the law.

As to the record, it is undisputed that George Davis and Louis Rinaldi were not "found to have engaged in the same behavior." Plaintiff was found guilty of both failing to supervise *and* filing false documents or information; Mr. Davis was found guilty only of violating the Department's Administration & Operations Manual. Davis was specifically cleared of the falsification charge.[2] Second, plaintiff provides no citation to support his assertion that the defendants even *knew* about whatever treatment was received by George Davis. The burden of establishing that George Davis was similarly situated rests on the plaintiff, even at the summary judgment stage. *See Presnick* v. *Town of Orange*, 152 F. Supp. 2d 215, 225 (D. Conn. 2001) (granting summary judgment where plaintiff "has not set forth any evidence of similarity in opposition to" the motion for summary judgment).

Plaintiff's legal argument is also flawed. *McGuinness* v. *Lincoln Hall*, 263 F.3d 49 (2d Cir. 2001) does not stand for the proposition that a difference in supervisors is *never* relevant to determining whether two employees are similarly situated. Rather, the Court found that a difference in supervisors did not matter when the plaintiff and the employee to whom she was comparing herself "were fired at roughly the same time [and] *that the decisions with respect to*" their respective severance packages "*were both made at the highest levels of the company . . . .*" *Id*. at 54 (emphasis added). Where, as here, the plaintiff complains of actions taken by his immediate supervisors, the fact that he is comparing himself to employees supervised by someone else remains fatal to an equal protection claim. *See, e.g., Mangaroo* v. *Boundless*

---

[2] *See* Defendant's Local Rule 56(a)(1) Statement of Material Facts Not In Dispute ("SMF"), at ¶¶ 10 & 19, and Plaintiff's Local Rule 56 Statement, Part I, ¶¶ 10 & 19.

*Technologies*, 253 F. Supp. 2d. 390, 401 (E.D.N.Y. 2003) (noting that nothing could be inferred from the fact that different supervised reacted differently to the same transgression).  In fact, in numerous cases, both in other circuits and in this one, courts have viewed the fact that two employees reported to different supervisors as important evidence that the two were not "similarly situated in all material respects."[3]

It is important to note that the plaintiff at bar, unlike the plaintiff in *McGuinness*, is not suing his employer, he is suing his immediate supervisors, and he is complaining about their actions, not the actions of higher-level management that also had authority over George Davis. Under the plaintiff's theory, a hard-nosed, stick-to-the rules government supervisor who disciplined all of his employees exactly the same for violations of agency rules could be personally liable for money damages for an Equal Protection violation, just because the agency also employed a supervisor who was a soft touch and tended to ignore similar violations. Plaintiff cites no legal authority for such a proposition, and it is preposterous on its face.  *See, e.g. Rivera* v. *City and County of Denver*, 365 F.3d 912, 922 (10th Cir. 2004) ("Different supervisors will inevitably react differently to employee insubordination."), *quoting Kendrick* v. *Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1233 (10th Cir. 2000).

---

[3] *See, e.g., Gragg* v. *Somerset Technical College*, 2004 U.S. App. LEXIS 12229, * 12 (6th Cir., June 22, 2004) (comparator employee not similarly situated in part because he worked under a different supervisor); *Patterson* v. *Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (same); *LaCroix* v. *Sears, Roebuck & Co.*, 240 F.3d 688, 694 (8th Cir. 2001) (same); *Mitchell* v. *Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992) (same); *Tunnell* v. *United Technologies Corp.*, 54 F. Supp. 2d 136, 140 (D. Conn. 1999) (same), *aff'd* in unpublished opinion "substantially for the reasons stated in Judge Eginton's Ruling", 2000 U.S. App. LEXIS 15049, *3 (2d Cir. 2000); *Gelin* v. *Rubin*, 1998 U.S. Dist. LEXIS 15165, * 4-5 (S.D.N.Y. 1998) (same); *Johnson* v. *Winfield Industries, Inc.*, 1995 U.S. Dist. LEXIS 6828, * 8 (W.D.N.Y. 1995) (same).

As set forth in the Defendant's Principal Brief, the defendants *never* supervised George Davis, who was no longer even working for the agency when the plaintiff was transferred to a technical position under the defendants' supervision.  We do not know what Davis' supervisors thought about the quality of his work following his discipline.  We do not know how the defendants would have treated Davis if he, like the plaintiff, had been transferred into an equivalent technical position under their supervision.  Thus, the plaintiff has failed to demonstrate how he was similarly situated in *any* material respect to Mr. Davis, and summary judgment should accordingly be granted on his equal protection claim.

## II.    PLAINTIFF CANNOT SUPPORT HIS FIRST AMENDMENT CLAIM

Plaintiff attempts to support his First Amendment retaliation claim by recasting it, and by arguing that the absence of any evidence of a causal connection between his protected activity and the alleged retaliation should not be fatal to his claim.  *See* Defendant's Brief, at 6-8.  Again, however, there are serious factual and legal problems with the plaintiff's arguments.

First, plaintiff argues that the defendant mischaracterized the retaliation claim:

> It was the successful prosecution of a grievance under the collective bargaining agreement which produced the retaliation – not accepting the position of union steward.  The plaintiff contends that these retaliatory actions commenced *immediately* after he obtained a reduction of his punishment through the exercise of his collective bargaining rights.

Plaintiff's Brief, at 7.  This argument is not supported by the record, however.  At his deposition, the plaintiff specifically stated that the filing of his union grievance was "not the reason" for his subsequent bad treatment, "[b]ecause that would have been a standard thing to do."  Rather, he indicated, "it had to be more about my association with the union."  Rinaldi Dep., Tr. p. 56, lines 3-24, App. at 114.   A "party opposing summary

judgment does not create a triable issue by denying his previously sworn statements."
*Heil* v. *Santoro*, 147 F.3d 103, 110 (2d Cir. 1998).

More importantly, the plaintiff's new claim of retaliation for his union grievance has, if anything, less viability than the retaliation claim he advanced in his deposition but has apparently abandoned. The most basic element of a first amendment retaliation claim in the employment context is that the plaintiff engage in "speech on a matter of public concern." *Connick* v. *Myers*, 461 U.S. 138, 146 (1983).

> [W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

*Id*. at 147. Following the Supreme Court's decision in *Connick* that an employee's questionnaire, designed to solicit input and support from other potentially disgruntled employees, was not "speech on a matter of public concern," this Court has held that the filing of a grievance pursuant to a collective bargaining agreement, for the purposes of overturning an adverse employment action, does not constitute speech on matters of public concern. *See, e.g., Galligan* v. *Town of Manchester*, 2003 U.S. Dist. LEXIS 8362, * 16-17 (D. Conn. 2003); *Larsen* v. *Lynch*, 1998 U.S. Dist. LEXIS 21932, * 12-13 (D. Conn. 1998). A copy of the grievance filed on behalf of the plaintiff to challenge the discipline that was imposed upon him in 1998 is attached as Exhibit 1 to this brief. It states, "The duties normally assigned to Operations Supervisor have been removed and Mr. Rinaldi has been assigned duties outside of his job specification. This constitutes a constructive demotion." As this Court held in *Galligan*, "the plaintiff's so-called speech touches on matters wholly related to [him] personally and not to those of public concern." 2003 U.S. Dist. LEXIS, at *17. Accordingly, as in *Galligan, Larsen,*

and *Connick*, judgment should be granted for the defendants on the First Amendment retaliation claim; it is not even necessary to address the ancillary question of whether there is any evidence of a causal connection between the plaintiff's "speech" activities and the defendants' alleged mistreatment of him.

If the Court decides to consider the plaintiff's earlier claim (advanced in his deposition but abandoned in his brief) that he was retaliated against based upon his work as a union steward, the Court must address the plaintiff's argument that "lack of causation" between the protected speech or association and the alleged retaliation "[cannot be] the district court's sole basis for granting summary judgment" because "causation [is] no longer . . . a part of her prima facie burden." Plaintiff's Brief, at 7, *quoting Sitar* v. *Indiana Dept. of Transportation*, 344 F.3d 720, 729 (7th Cir. 2003). The Second Circuit does not adhere to this standard, however: "plaintiffs have failed to establish a prima facie case of First Amendment retaliation [when] they have not established a causal connection between defendants' allegedly retaliatory conduct and plaintiff's protected speech." *Washington* v. *County of Rockland*, 2004 U.S. App. LEXIS 12845, * 25 (2d Cir. 2004). The *Washington* court further indicated that "plaintiffs must aver some 'tangible proof' demonstrating that their protected speech animated" the allegedly retaliatory action; and that "they may not rely on conclusory assertions of retaliatory motive."[4]

The plaintiff's only argument to support a causal connection is his claim that the defendants commenced retaliatory actions against him "*immediately* after" he successfully obtained a reduction in his punishment through the grievance process. *See* Plaintiff's Brief, at 7. However, as noted above, plaintiff's *grievance* is a private matter and cannot serve as the basis

---

[4] *Id.* at * 25-26. The Seventh Circuit's contrary view is, in fact, hard to square with the Supreme Court's decision in *Clark County School Dist.* v. *Breeden*, 532 U.S. 268, 272 (2001), where the Court indicated that the plaintiff was required to show, in response to a summary judgment motion, "the existence of a causal connection between her protected activities and" the adverse employment action in question.

for a First Amendment retaliation claim.  Moreover, the plaintiff points to no evidence in the record supporting his assertion that allegedly retaliatory actions occurred "immediately" after he settled his grievance.[5]  Since the plaintiff cannot establish the necessary elements of a First Amendment retaliation claim, the Court should grant the defendants summary judgment.

## III.     THE COURT SHOULD DISREGARD ELEMENTS OF THE PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Local Rule 56(a)(3) requires that each statement of fact and each denial in a Local Rule 56(a)(2) statement must be followed by a specific citation to the affidavit of a witness or to evidence that would be admissible at trial.  In the present case, several of the "facts" and "denials" in the plaintiff's Local Rule 56(a)(2) statement are not supported by the citations provided.  Accordingly, they should be disregarded by the Court.  *Cf. Speziale* v. *National Life Ins. Co.*, 2004 U.S. Dist. LEXIS 12525, * 4, n.1  (N.D.N.Y. 2004) (disregarding factual assertions in a Statement of Material Facts that were not supported by record citations, pursuant to the Northern District's equivalent to Rule 56(c)(3)).

### A.     *The Denials in the Plaintiff's Rule 56(c)(2) Statement Are Not Supported by the Citations Provided*

The Defendants' Rule 56(c)(1) statement indicated – with proper citations to affidavits – (1) that neither defendant had anything to do with the initiation of the internal affairs investigation against the plaintiff (SMF 9); (2) that Oldenburg had only participated in the investigation as a witness, and Martin not at all (SMF 11); and (3) that neither defendant had any input into the discipline that was imposed upon the plaintiff (SMF 13).  Plaintiff denies all three paragraphs on the basis of Plaintiff's Interrogatory Answer 3, which is attached to the plaintiff's brief.  Interrogatory 3 requested that the plaintiff state how defendant Oldenburg "'participated'

---

[5] The Supreme Court noted that cases "uniformly hold that the temporal proximity must be 'very close'" to support an inference of retaliation.  *Clark County School Dist.* v. *Breeden*, 532 U.S. 268, 273 (2001).

in the *imposition of punishment* on the plaintiff" (emphasis added). The plaintiff responded, in a not particularly informative manner, "Mr. Oldenburg's responsibility as my immediate supervisor." The plaintiff's interrogatory response does not address whether Defendant Oldenburg had anything to do with *initiation of an internal affairs investigation,*[6] or with *participation in an internal affairs investigation.* It does not even address the question of whether Defendant Oldenburg had any say in what the plaintiff's punishment would be. Naturally, as the plaintiff's immediate supervisor, Oldenburg was responsible for overseeing plaintiff's transfer from a supervisory to a technical position, but that is quite different from the statement contained in SMF 13. Neither defendant had any input into Colonel Kolpa's decision about the discipline to impose on the plaintiff for the violations found during the internal affairs investigation. Since the plaintiff has not pointed to any evidence that contradicts SMF 9, 11, or 13, his denials should be disregarded.

Plaintiff also denies paragraphs 25-28 of the Defendants' 56(c)(1) statement. These paragraphs relate various facts involving the defendants' relationship to the union, and their lack of concern about the plaintiff's union activities. Plaintiff cites to his responses to interrogatories 6 and 15 as evidence supporting his denial. Although the *interrogatories* themselves asked for facts on which the plaintiff supporting his claim that the reason for his alleged mistreatment had to do with his union activities, the plaintiff's *responses* do not actually answer the questions asked. They simply reiterate the plaintiff's allegations of mistreatment, without stating any facts connecting the alleged mistreatment to union activities, or even to plaintiff's union grievance.

---

[6] Moreover, the plaintiff testified that the internal affairs investigation was initiated upon the complaint of a non-party. *See* Rinaldi Dep., Tr. at 24, lines 11-21, App. at 106. As noted above, the plaintiff cannot create disputed material facts by denying his own sworn testimony. *Heil* v. *Santoro*, 147 F.3d 103, 110 (2d Cir. 1998).

Since the interrogatory responses in question *do not* contradict the statements contained in SMF 25-28, the plaintiff's denials of these paragraphs should be disregarded.[7]

>    **B.**     ***Plaintiff's Statements of Material Fact Are Either Improper Argument, Unsupported Assertions, or Immaterial to Resolution of the Instant Motion***

Plaintiff's own Statement of Material Facts is a collection of improper argument, unsupported allegations, and facts that are not material to the resolution of the defendants' motion.  Accordingly, nothing in it should prevent the entry of summary judgment.

In paragraphs 4 and 12, plaintiff alleges that he was subjected to discipline and treatment more severe than was imposed upon a "similarly situated" state police employee named George Davis.  The statement that George Davis was "similarly situated" is legal argument, not fact, and should be disregarded.  *See, e.g., Egri v. Atomic Power Co.*, 270 F. Supp. 2d 285,  291 (D. Conn. 2002) ("alleged genuine issues of material fact identified by the Plaintiffs are nothing more than legal conclusions or propositions and do not suffice to raise legitimate, genuine issues of material fact.").  Calling George Davis "similarly situated" does not make him so.

In paragraphs 6, 11, 12, and 13, the Plaintiff alleges that the defendants treated him harshly "following", "as a result of", "in response to", or "after" his settlement of his grievance. However, the citations for these assertions are interrogatory responses 6, 12, 13, and 15. Although the discovery responses in question assert a variety of bad things the defendants are alleged to have done to the plaintiff, nothing in the responses provides any factual information

---

[7] Even if the Court were to allow all of the plaintiff's denials, it would have no effect on resolution of this motion.  Since the discipline imposed upon the plaintiff was outside of the three-year statute of limitations, and since the plaintiff waived all claims concerning that discipline when he settled his grievance, it ultimately does not matter whether the defendants participated in the grievance process.  *See* Defendants' Principal Brief, at 8, and at 10, n.1.  With respect to the defendants' feelings about the union and the plaintiff's union activities, as note above it is the plaintiff's burden to bring forth evidence from which a retaliatory motive could be inferred.  Since he has not done so, it does not matter whether the record contains evidence from which one could infer that the defendants were actually pro-union.

from which one might draw an inference as to *why* the defendants so behaved. Thus, the cited evidence does not support the assertion of motive in paragraphs 6, 11, 12, or 13 of the plaintiff's Statement of Material Facts.

The remainder of the plaintiff's allegations of fact mostly relate to the plaintiff's claims of mistreatment at the hands of the defendants.[8] *See* ¶¶ 1 and 2 (alleged failure to train), 3 and 4 (alleged participation in severe discipline); 6, 7, 13 (allegedly rude and unprofessional behavior of various sorts), 9, 10 (allegedly inaccurate evaluation); and 14 (failure to re-hire plaintiff after retirement). While this laundry list of mistreatment is certainly "disputed," and it would be "material" at trial, it is *not* material to the resolution of the instant motion. The defendants' motion argues that summary judgment is appropriate *even if* the Court accepts as true the plaintiff's claims of mistreatment. The sole issues for the Motion for Summary Judgment are (1) the plaintiff's failure to identify a "similarly situated" employee whom the defendants treated differently; (2) the plaintiff's failure to assert that he engaged in protected speech; and finally, (3) the plaintiff's failure to put forward any facts from which it is possible to infer than any action by the defendants was motivated by a desire to retaliate against the plaintiff for protected speech or activity. Since the plaintiff's "facts" do not address these issues, they should not be considered for purposes of deciding the defendants' motion.

## CONCLUSION

For the reasons set forth above, and in the defendants' principal brief, the defendants respectfully request that the Court enter judgment in their favor on both counts of the Amended Complaint.

---

[8] The plaintiff also claims that he was treated more harshly than George Davis (¶¶ 4, 8, and 12), but this is not a material fact because George Davis was not similarly situated. Finally, the plaintiff claims that plaintiff's 1997 discipline was reduced by agreement in 1999, and defendant Oldenburg was aware of that reduction (¶ 5). While true, this fact is insufficient to support either of the plaintiff's theories of recovery.

DEFENDANTS,
Scott Martin and Fred Oldenburg, Jr.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____

Mark P. Kindall
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5385
Federal Bar No.: ct13797
E-Mail: mark.kindall@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Brief was mailed this 19th day of July, 2004,

first class, postage prepaid to:

John R. Williams, Esq.
WILLIAMS & PATTIS, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Mark P. Kindall
Assistant Attorney General

# E X H I B I T  1